THE SEHRT-PATTERSON MILLING COMPANY v.
J. M. HUGHES.

No. 353.

AGENCY—*Unauthorized Contract of Agent—Presumption of Knowledge by Principal.* Knowledge by the principal of the terms and conditions of an unauthorized contract entered into by an agent is not to be presumed from the fact that the principal had a reasonable opportunity to acquire such knowledge. (*National Bank v. Drake*, 29 Kan. 325; *St. John v. Cornwell*, 52 id. 717, 35 Pac. 785.)

Error from Montgomery district court; A. H. SKIDMORE, judge. Opinion filed February 18, 1899. Reversed.

*J. D. McCue, Dooley & Keith*, and *Jas. M. McKinstry*, for plaintiff in error.

*T. H. Stanford*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J. : This action was brought in the district court of Montgomery county by defendant in

error to recover for an alleged breach of the following contract:

"THIS CONTRACT, Made and entered into this 1st day of March, 1894, by and between J. M. Hughes, party of the first part, and the Sehrt–Patterson Milling Company, of Coffeyville, Kansas, party of the second part:

"WITNESSETH, That, the said party of the first part, hereby agrees to act as bookkeeper and keep the books of the said party of the second part for the term of one year, beginning March 1, 1894, and ending February 28, 1895.

"The said party of the second part hereby agrees to employ and maintain in its service the said party of. the first part as its bookkeeper during the time aforesaid mentioned, and pay for such service the sum of $600, payable monthly.

J. M. HUGHES.

THE SEHRT-PATTERSON MILLING CO.
Per J. SEHRT, *General Manager.*"

The petition alleges that Sehrt, as general manager, was fully authorized by the defendant Sehrt-Patterson Milling Company to make the contract; that the defendant failed and refused to keep its promise, in. that it did not pay to the plaintiff any money whatever for said services, save and except the sum of fifty dollars, which defendant paid to, plaintiff for and upon services rendered under said contract. Judgment for the sum of $350 was demanded.

Defendant answered by a general denial, and

"specially denied the authority of Sehrt to enter into said contract, and alleged that the sole power to make such contract was vested in its board of directors; that plaintiff never performed any labor for the defendant, except for the period of one month, for which he received full payment, to wit, the sum of fifty dollars, but that said payment was not made for labor

performed under the contract; that as soon as the board of directors was informed of the existence of said contract it was disapproved and was by the board unrecognized, and all of which the plaintiff had due notice.''

The case was tried before a jury and a verdict returned in favor of the plaintiff for $126. The court overruled the motion for a new trial and entered judgment on the verdict. The defendant brings the case here for review.

The case was tried in the lower court on the theory that Sehrt had no power or authority to bind the defendant by such a contract as the one sued on. Plaintiff in error contends that the court erred in giving to the jury instruction No. 6, which is as follows:

'' To constitute a ratification of an unauthorized contract upon the part of Sehrt, as such manager, the board of directors must have had knowledge of the terms and conditions of such contract, or must have had reasonable opportunity to have acquired such knowledge at the time of or prior to such ratification.''

The last clause of the instruction, which modifies the rule requiring knowledge of the terms and conditions of the contract as a condition precedent to its ratification, is the error complained of. Knowledge by the principal of the terms and conditions of an unauthorized contract entered into by an agent is not to be presumed from the fact that the principal had a reasonable opportunity to acquire such knowledge. ( *National Bank v. Drake*, 29 Kan. 325; *St. John v. Cornwell*, 52 id. 717, 35 Pac. 785.) The following instruction was also given:

'' You are instructed that under the provisions of by-law No. 9 the manager had no right to employ a bookkeeper without the consent of the board of directors, and such employment by him was not binding on

Sehrt v. Hughes.

the corporation, and the plaintiff cannot recover upon a contract of employment entered into between him and said Sehrt without proof that, with knowledge of its terms and conditions, the board of directors accepted and ratified the same."

Counsel for defendant in error insist that this instruction so modifies or qualifies instruction No. 6 that the jury could not have been misled. We are unable to concur in this conclusion. It is true that the court in positive terms tells the jury that plaintiff cannot recover without proof "that with knowledge of the terms and conditions of the contract the board of directors accepted and ratified the same." In instruction No. 6, the court, in effect, tells the jury that knowledge of the terms and conditions may be presumed if the board of directors had a "reasonable opportunity to have acquired such knowledge at the time of or prior to such ratification." We cannot concede this to be the law, and, construed in the light of the entire charge, the instruction was erroneous and misleading. We have carefully considered the able argument of counsel for defendant in error, as set forth in his brief, but the instruction complained of is sufficient to require a reversal of the case.

The judgment of the district court is reversed and the case remanded for a new trial.